UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | September 29, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**      (In Chambers) AMENDED Order Granting Request for Stay And Abeyance Pursuant to *Kelly v. Small*

    Pursuant to Respondent's request for clarification of this Court's October 28, 2014 Order (ECF 24), the Court issues the following amended order:

    On March 10, 2014, Petitioner Carlos Ramirez, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. ("Petition"). On July 14, 2014, Respondent filed a Motion to Dismiss. On August 6, 2014, this Court issued an Order granting in part and denying in part Respondent's Motion to Dismiss. The Court concluded that the Petition was a "mixed" petition subject to dismissal and advised Petitioner of his options.

    On August 21, 2014, Petitioner filed a Motion for Stay and Abeyance. Petitioner conceded the Petition contains claims which are unexhausted, but requested a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005). (Pet. at 10).

    On August 27, 2014, this Court denied Petitioner's request for a *Rhines* stay. The Court further advised Petitioner of his options to (1) request a voluntary dismissal of this action without prejudice; (2) request a voluntary dismissal of only the unexhausted claims, and elect to proceed on only his exhausted claims; or (3) dismiss his unexhausted claims and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | September 29, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

On September 12, 2014, Petitioner filed a response to the August 27, 2014 Order in which he stated he wished to "accept OPTION 3," and "[t]o use the 'Kelly Procedure.'" (Dkt. 19). Petitioner further advised he wished to delete his unexhausted claims and stay his exhausted claims while he returns to state court to exhaust his dismissed, unexhausted claims. However, it was unclear which claims Petitioner was agreeing should be dismissed. Accordingly, on September 29, 2014, this Court issued an order directing further response from Petitioner.

On October 10, 2014, Petitioner filed a response and Notice of Dismissal. Petitioner seeks to dismiss the second prong of Claim One which alleges the evidence was insufficient to prove Petitioner committed the shooting that formed the basis for his underlying conviction and the entirety of Claim Two which alleges Petitioner's right's to due process and a fair trial were violated by improper questions by the D.A.. See ECF 22.

Petitioner's motion to dismiss the second prong of Claim One is **GRANTED.**

Additionally, the Court has carefully reviewed the record and petitioner's written submissions, and the Court finds that a *Kelly* stay is warranted here. There is no indication of an intent on the part of petitioner in seeking a *Kelly* stay to delay or harass. *See Lugo v. Kirkland*, 2006 WL 449130, at *2 (N.D. Cal. Feb. 22, 2006). Moreover, a stay appears appropriate here because it will circumvent piecemeal litigation and "valid claims would otherwise be forfeited." *Id.* (internal quotation marks and citation omitted).

Petitioner is advised, however, that although a *Kelly* stay does not require a showing of good cause, it obligates compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). After the expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" *Id.* at 1141 (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | September 29, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

   Although petitioner filed the instant federal habeas petition on March 10, 2014, a habeas petition pending in federal court – as opposed to state court – does not toll the statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).  The Court may therefore ultimately find any newly asserted or reasserted claim(s) in an amended petition to be time-barred.

   In light of the foregoing, it is hereby **ORDERED** as follows:

1. Petitioner's notice of voluntary dismissal is hereby accepted by the court and GRANTED.  Accordingly, the second prong of Claim One which alleges the evidence was insufficient to prove Petitioner committed the shooting that formed the basis for his underlying conviction is dismissed without prejudice.

2. Petitioner's request for a *Kelly* stay is **GRANTED**.  This action -- now containing only the exhausted grounds -- is hereby stayed pending exhaustion of petitioner's state court remedies on other grounds and/or further order of this Court.

4. Beginning **on January 27, 2015**, and continuing every 90 days thereafter, petitioner shall file a "Status Report" with the Court, addressing the status of petitioner's state habeas petition, including the date on which it was filed, the court in which it is pending, the case number, and any recent activity.  Respondent may file a status report within fourteen days following petitioner's filings, if respondent wishes to advise the Court of any developments not reported by petitioner.

5. Within 30 days after any decision by the California Supreme Court on petitioner's habeas petition, petitioner shall advise this Court of the decision.  Further, should petitioner abandon his efforts to exhaust his state court remedies on other grounds, he shall immediately advise this Court.

6. Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to act within the time frames discussed above, the Court may vacate the stay and prohibit petitioner from raising any new claims in this action.