## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 3, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   **(In Chambers) Order Re Respondent's Request for Clarification of the Court's October 29, 2014 Order**

Pursuant to Respondent's request for clarification of this Court's October 29, 2014 Orders (ECF 26), the Court order as follows:

Petitioner's request to voluntarily dismiss the second prong of Claim One which alleges the evidence was insufficient to prove Petitioner committed the shooting that formed the basis for his underlying conviction and the entirety of Claim Two which alleges Petitioner's right's to due process and a fair trial were violated by improper questions by the D.A. is **GRANTED.**

Additionally, the Court has carefully reviewed the record and petitioner's written submissions, and the Court finds that a *Kelly* stay is warranted here. Petitioner's remaining claim is, therefore, stayed pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).

Petitioner is advised, however, that although a *Kelly* stay does not require a showing of good cause, it obligates compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). After the expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 3, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" *Id.* at 1141 (internal citation omitted).

Although petitioner filed the instant federal habeas petition on March 10, 2014, a habeas petition pending in federal court – as opposed to state court – does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). The Court may therefore ultimately find any newly asserted or reasserted claim(s) in an amended petition to be time-barred.

In light of the foregoing, it is hereby **ORDERED** as follows:

1. Petitioner's notice of voluntary dismissal is hereby accepted by the court and GRANTED. Accordingly, the second prong of Claim One which alleges the evidence was insufficient to prove Petitioner committed the shooting that formed the basis for his underlying conviction and the entirety of Claim Two which alleges Petitioner's right's to due process and a fair trial were violated by improper questions by the D.A. are dismissed without prejudice.

2. Petitioner's request for a *Kelly* stay is **GRANTED**. This action -- now containing only the exhausted grounds -- is hereby stayed pending exhaustion of petitioner's state court remedies on other grounds and/or further order of this Court.

4. Beginning **on January 27, 2015**, and continuing every 90 days thereafter, petitioner shall file a "Status Report" with the Court, addressing the status of petitioner's state habeas petition, including the date on which it was filed, the court in which it is pending, the case number, and any recent activity. Respondent may file a status report within fourteen days following petitioner's filings, if respondent wishes to advise the Court of any developments not reported by petitioner.

5. Within 30 days after any decision by the California Supreme Court on petitioner's habeas petition, petitioner shall advise this Court of the decision. Further, should petitioner abandon his efforts to exhaust his state court remedies on other grounds, he shall immediately advise this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 3, 2014 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long, Warden | | |

6. Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to act within the time frames discussed above, the Court may vacate the stay and prohibit petitioner from raising any new claims in this action.