UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Petitioner's Action Should Not Be Dismissed as Untimely

## I.
## INTRODUCTION

Petitioner Carlos Ramirez ("Petitioner"), a California state prisoner proceeding pro se, has filed a First Amended Petition ("FAP") for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  See ECF Docket No. ("Dkt.") 29, FAP. The FAP challenges Petitioner's 2011 state convictions for attempted murder, shooting at an occupied motor vehicle, and possession of a firearm by a felon.  Id. at 2.[1] Respondent David B. Long ("Respondent") subsequently filed a Motion to Dismiss ("Motion") the FAP and Petitioner filed an Opposition ("Opposition") to the Motion.  Dkt. 38, Mot.; Dkt. 43, Opp.  The Motion and Opposition argue whether the "relation back" doctrine renders the FAP timely.  Id.  However, the Court finds the FAP untimely on its face. Hence, for the reasons discussed below, the Court orders Petitioner to show cause why his action should not be dismissed as untimely.  Respondent's Motion is, thus, DENIED without prejudice.

///
///
///
///
///

---

[1] The Court refers to the pages of the FAP as if they were consecutively numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

///

# II.
# PROCEDURAL BACKGROUND

### A.   STATE COURT PROCEEDINGS

On April 7, 2011, following a jury trial in the Los Angeles County Superior Court, Petitioner was convicted of: (1) attempted murder in violation of California Penal Code sections 664 and 187(a); (2) shooting at an occupied motor vehicle in violation of California Penal Code section 246; and (3) possession of a firearm by a felon in violation of former California Penal Code section 12021(a)(1).  Lodged Document ("Lodg.") 1, Abstract of J. at 1-2.[2]  With respect to the attempted murder and shooting convictions, the jury found true the following allegations: (1) Petitioner personally and intentionally discharged a firearm causing great bodily injury within the meaning of California Penal Code section 12022.53(b)-(d); and (2) Petitioner committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members within the meaning of California Penal Code section 186.22(b)(1)(C).  Lodg. 2, Op. filed Cal. Ct. App. case no. B236452 at 6.  On September 20, 2011, Petitioner was sentenced to a term of forty years to life in prison.  Id. at 7; Lodg. 1 at 1.

Petitioner appealed his conviction.  See Lodg. 2.  In his appeal, Petitioner claimed: (1) evidence supporting his gang enhancement was insufficient; (2) evidence identifying him as the shooter was insufficient; and (3) the trial court erroneously allowed gang expert Detective Hank Ortega's opinion, which was based on the prosecutor's hypothetical questions.  Id. at 7-10.  Petitioner presented the second and third claims as purely issues of state law.  Id.  On November 27, 2012, the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision.  Id. at 10.

Petitioner then filed a petition for review in the California Supreme Court.  See

---

[2]   The Court's references to Lodged Documents concern documents lodged in support of Respondent's July 14, 2014 Motion to Dismiss and Respondent's September 21, 2015 Motion to Dismiss.  See Dkt. 14, Notice of Lodging; Dkt. 40, Supplemental Notice of Lodging.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

Lodg. 3, Pet. Review Cal. Sup. Ct. case no. S207691.  On February 13, 2013, the California Supreme Court summarily denied the petition for review.  Lodg. 4, Order denying Pet. Review Cal. Sup. Ct. case no. S207691.

**B.    ORIGINAL FEDERAL HABEAS PETITION**

On March 10, 2014, Petitioner constructively filed[3] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court pursuant to 28 U.S.C. § 2254.  See Dkt 1.  Petitioner challenged his 2011 convictions by asserting: (1) evidence was insufficient to support the gang enhancement allegations ("Claim One"); (2) "there [wa]s insufficient evidence he was the shooter" ("Claim Two"); and (3) the trial court erred by "allowing the prosecutor to elicit Det. Ortega's opinion that the charged crime was gang related using hypothetical question[s]" ("Claim Three").  Id. at 5-6.[4]  In the Petition, all three claims were presented as issues of federal law.  Id.

On July 14, 2014, Respondent filed a Motion to Dismiss, arguing Petitioner failed to exhaust state remedies with respect to Claims Two and Three.  Dkt. 13, Mot. Dismiss Pet.  On August 6, 2014, the Court concluded Claims Two and Three were unexhausted because Petitioner failed to present them as issues of federal law when appealing to the state court.  Dkt. 15, Min. Order at 1.  The Court therefore found Petitioner's action was a mixed petition "subject to dismissal unless Petitioner timely file[d] an amended petition alleging only exhausted claims."  Id.

On October 10, 2014, Petitioner filed a Notice of Voluntary Dismissal of Claims Two and Three.  Dkt. 22, Notice Voluntary Dismissal.  Petitioner requested a stay pending exhaustion of state court remedies pursuant to Kelly v. Small, 315 F.3d 1063

---

[3]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on March 10, 2014.  Dkt. 1, Pet.  Thus, the Court deems March 10, 2014 the filing date.

[4]    The Court refers to the pages of the Petition as if they were consecutively numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

(9th Cir. 2002) ("Kelly stay") regarding Claims Two and Three. Id. On October 28, 2014, the Court granted Petitioner's Voluntary Dismissal and request for a Kelly stay. Dkt. 25, Am. Min. Order.

**C.     STATE COURT EXHAUSTION PROCEEDINGS**

On January 8, 2015, Petitioner filed a state habeas petition in the California Supreme Court, raising Claims Two and Three as issues of federal law. Lodg. 6, Pet. for Writ of Habeas Corpus filed in Cal. Sup. Ct. case no. S223689. On April 1, 2015, the California Supreme Court denied the petition, citing In re Waltreus, 397 P.2d 1001, 1005 (Cal. 1965) and In re Lindley, 177 P.2d 918, 926 (Cal. 1947). Lodg. 7, Order denying Pet. for Writ of Habeas Corpus filed in Cal. Sup. Ct. case no. S223689.

**D.     FAP & MOTION TO DISMISS**

On April 14, 2015, Petitioner constructively filed the FAP. See Dkt. 29. The FAP only presents Claims Two and Three in support of Petitioner's request for habeas relief. Id. On September 21, 2015, Respondent filed the Motion to Dismiss the FAP, arguing the Court should dismiss the FAP as untimely because the "relation back" doctrine fails to render the FAP's claims timely. Dkt. 38. On October 20, 2015, Petitioner constructively filed an Opposition, arguing the "relation back" doctrine renders the FAP's claims timely. Dkt. 43.

**III.
DISCUSSION**

**A.     THE FAP IS FACIALLY UNTIMELY UNDER AEDPA**

Petitioner filed the FAP after April 24, 1996, the effective date of AEDPA. Therefore, the Court applies the requirements for habeas relief set forth in AEDPA. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court. Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on May 14, 2013, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on February 13, 2013. See id. AEDPA's one-year limitations period commenced the next day, May 15, 2013, and expired on May 15, 2014. 28 U.S.C. § 2244(d)(1). However, Petitioner constructively filed the FAP on April 14, 2015. Dkt. 29 at 8. Therefore, the FAP is facially untimely by over ten months.

**B.   THE "RELATION BACK" DOCTRINE DOES NOT APPLY BECAUSE THE FAP IS WHOLLY UNTIMELY**

**(1)   The FAP Supercedes the Original Petition**

"Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." C.D. Cal. L. R. 15-2. Thus, an amended petition supplants its predecessor.

Here, the FAP replaces the Petition originally filed. Id. Unlike the Petition, the FAP does not include Claim One – evidence was insufficient to support the gang enhancement allegations. See Dkt. 29. Thus, Claim One from the Petition is not properly before this Court and the FAP presents only Claims Two and Three.

**(2)   The FAP Lacks a Timely Claim to Enable "Relation Back"**

While the parties have raised the "relation back" doctrine, such doctrine is inapplicable. The relation back doctrine allows a petitioner to amend new claims into a petition after AEDPA's limitations period expires, if the timely claims in the petition and new claims share a "common core of operative facts." King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). However, to enable a court to apply relation back, an amended petition must reassert the timely claim presented in the original petition, as well as the newly exhausted claims. See Mayle v. Felix, 545 U.S. 644, 651, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (analyzing relation back where petitioner reasserted his timely claim from his original petition and newly exhausted claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

Here, the relation back doctrine does not apply. Id. The FAP does not reassert Claim One from the original Petition. Hence, only Claims Two and Three -- which are facially untimely -- are before the Court.

## IV.
## ORDER

For the foregoing reasons, the Court finds the FAP facially untimely. Respondent's Motion is, thus, DENIED without prejudice.

The Court orders Petitioner to respond to this order pursuant to one of the following options, **no later than December 21, 2015**:

1. Option 1: If Petitioner believes the FAP is timely, he must file a written response with the Court clearly explaining his reasons.

2. Option 2: If Petitioner wishes to amend the FAP to include Claim One, he must file a Second Amended Petition ("SAP"). Petitioner must use the form provided and write "Second Amended" above the words "Petition for Writ of Habeas Corpus." Petitioner must also write the case number (CV 14-2008-JVS (KK)) in the space provided on the first page.

   The SAP will supersede all preceding petitions. After amendment, the Court will treat all preceding petitions as nonexistent. Hence, the SAP must contain all claims Petitioner intends to present and be complete without reference to the Petition, FAP, or any other pleading, attachment, or document.

   The Court notes it has made no finding with respect to whether relation back would render Claim Two or Three timely. If Petitioner reasserts Claim One while asserting Claims Two and Three as newly exhausted claims in the SAP, the Court may conclude that a particular claim or neither claim relates back to Claim One.

3. Option 3: Petitioner may request a voluntary dismissal of this action without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2008-JVS (KK) | Date | November 19, 2015 |
|---|---|---|---|
| Title | Carlos Ramirez v. David B. Long | | |

prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

**The Court cautions Petitioner that his failure to timely comply with this Order may result in dismissal of this action for failure to prosecute and comply with court orders.**